Matthew J. Jasen, J.
Respondent moves for an order pursuant to CPLR 7503 directing immediate trial of the issue of whether the petitioner-claimant filed with the respondent a timely notice of claim and staying the arbitration demanded until this issue is decided.
It is proposed by respondent that the issue to be determined is: “ Whether the petitioner-claimant has filed with the MVAIC within 90 days after the accident of September 20,1964, a statement under oath that the petitioner-claimant has a cause or causes of action arising out of such accident for damages against such person or persons as alleged and setting forth the facts in support thereof.”
However, the petitioner-claimant contends that the issue as proposed is too narrow and requests it be expanded to read as follows: “Whether the petitioner-claimant has filed with MVAIC within 90 days after the accident of September 20,1964, *474 or as soon, thereafter as practicable, a statement under oath that the petitioner-claimant has a cause or causes of action arising out of such accident for damages against such person or persons as alleged and setting forth facts in support thereof.”
The requirement of the notice in the New York Motor Vehicle Accident Indemnification Corporation endorsement must be interpreted to mean that the notice of claim must be filed within a reasonable time. (Matter of Stroud [MV AIC], 13 A D 2d 757.)
Timely notice can only be given if the party upon whom the burden is placed has knowledge of facts which necessitate giving the notice. (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028; Matter of MV AIC [Brown], 15 A D 2d 578.)
Certainly, the question of whether the notice was filed within a reasonable time should be determined by factual evidence of the claimant’s diligence in complying with the pertinent policy provisions.
Application to stay arbitration is granted pending the trial of the issue presented, as set forth by the petitioner-claimant.